[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10272
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 29, 2010
JOHN LEY
CLERK

Agency No. A099-920-659

GERMAN CECERES BECERRA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 29, 2010)

Before DUBINA, Chief Judge, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner German Ceceres Becerra petitions this court for review of the

order of the Board of Immigration Appeals ("BIA"), affirming the Immigration Judge's ("IJ") denial of asylum and withholding of removal pursuant to the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c).  In his petition, Becerra challenges the BIA's determination that he failed to establish a nexus between the harm he suffered in Colombia and his actual or imputed political opinion for purposes of his eligibility for withholding of removal.  Becerra also argues that the IJ erred in its adverse-credibility finding.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir.  2001).  "When an appellant fails to offer argument on an issue, that issue is abandoned."  *Sepulveda v. U.S. Atty. Gen.,* 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).  Moreover, passing references to issues are insufficient to raise a claim for appeal.  *Greenbriar, Ltd. v. City of Alabaster,* 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

As a threshold matter, Becerra has abandoned his asylum and CAT claims by not raising those issues in his brief.  *See Sepulveda,* 401 F.3d at 1228 n.2. Likewise, Becerra's contention that the IJ erred in finding him not credible is

misplaced because the BIA did not rely on that ground in making its ruling. Furthermore, Becerra's assertion that the IJ failed to factor the 2006 U.S. Department of State Country Report on Human Rights Practices for Colombia into its decision was not raised before the BIA, and, therefore, is not properly exhausted. *See Amaya-Artunduaga v. U.S. Atty. Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (holding that this court lacks jurisdiction to consider claims not raised before the BIA).

We review legal determinations of the BIA *de novo*, and review "administrative fact findings under the highly deferential substantial evidence test." *Rivera v. U.S. Att'y Gen.,* 487 F.3d 815, 820 (11th Cir. 2007) (internal quotation marks omitted). We must affirm the decision of the BIA if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Silva v. U.S. Att'y Gen.,* 448 F.3d 1229, 1236 (11th Cir. 2006) (internal quotation marks omitted). Thus, we do not engage in a *de novo* review of the facts as found by the IJ, and we may not "reweigh the evidence from scratch." *Id.* (internal quotation marks omitted). Under the substantial-evidence test, we view the record "in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*). To reverse a factual finding by the

BIA, we must find that "the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Id.*

To qualify for withholding of removal, an alien must satisfy more stringent standards than those for asylum eligibility, so "an alien unable to prove a 'well-founded fear' of persecution based on a protected ground, as required for asylum relief, necessarily fails to demonstrate a 'clear probability of persecution,' the 'standard applicable to a claim for withholding of removal.'" *Rodriguez Morales v. U.S. Att'y Gen.,* 488 F.3d 884, 891 (11th Cir. 2007). To be granted withholding of removal under the INA, an alien "must show that his life or freedom would be threatened on account of his race, religion, nationality, membership in a particular social group, or political opinion." *Sanchez v. U.S. Att'y Gen.,* 392 F.3d 434, 437 (11th Cir. 2004) (internal quotation marks omitted). The applicant must establish a sufficient nexus between his political opinion or other protected ground and his alleged persecution. *Rodriguez Morales,* 488 F.3d at 890. "It is not enough to show that [the alien] was or will be persecuted or tortured due to [the alien's] refusal to cooperate with the guerrillas." *Sanchez,* 392 F.3d at 438.

Persecution "on account of" a political opinion means persecution because of the "*victim's* political opinion, not the persecutor's." *I.N.S. v. Elias-Zacarias*,

4

502 U.S. 478, 482, 112 S. Ct. 812, 816 (1992). The fact that the persecutor is motivated by the persecutor's political belief is "irrelevant" to the issue of whether the victim was persecuted because of the victim's own belief. *Rodriguez Morales*, 488 F.3d at 890. "An asylum applicant may prevail on a theory of 'imputed political opinion' if he shows that the persecutor falsely attributed an opinion to him, and then persecuted him, because of that mistaken belief about his views." *Al Najjar*, 257 F.3d at 1289 (internal quotation marks and alterations omitted). When seeking withholding of removal, an "alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." *Sanchez*, 392 F.3d at 437 (internal quotation marks omitted).

The record here does not compel a finding that Becerra established a nexus between his experiences in Colombia and his actual or imputed political opinion. There is substantial evidence in the record to support the BIA's conclusion that Becerra was not persecuted on account of his political opinion, but rather because of criminal activity or his work as a clerk. Accordingly, we deny the petition for review.

**PETITION DENIED.**